JOHN C. ARMSTRONG AND LEWIS DISS, APPELLANTS, *v.* WILLIAM G. FARGO, PRESIDENT OF THE AMERICAN EXPRESS COMPANY, RESPONDENT.

*Evidence — Express company — proof of signature to receipt of.*

APPEAL from an order denying a motion for judgment on the verdict of a jury, and granting a motion for a new trial, costs to abide event.

The plaintiffs brought this action to recover of the American Express Company, the value of a package of sewing machine attachments that they delivered to the company, to be carried to Boston and there delivered to M. J. Palmer on payment of the value of the contents, which was $118.08.

The defense was, that on the envelope covering the package given to defendant's agent at Watertown, was a direction in writing to the defendant to deliver to Palmer on receiving $118.08, and the charges for carrying the same, and to reship it if ordered by Palmer; that the package was offered to Palmer, who directed that it be sent to Waterbury, Connecticut. The defendant's line did not extend to Waterbury, nor into Connecticut. The Adams Express Company had an office at Waterbury, and carried property to and delivered it at that place; that defendant, after the direction given by Palmer, delivered the parcel to the Adams Express Company, taking its receipt therefor, and thus discharged itself of all liability for the property.

On the trial, the plaintiffs proved the delivery of the property to the defendant to deliver to Palmer, at Boston, on payment of the amount specified on the wrapper and the charges, and subsequently, the money not being received, plaintiffs demanded it and it was not paid.

The defendant proved the carriage to Boston, tender of the property to Palmer, and the direction by him to send to Waterbury. A receipt was then put in evidence, signed by the receiving clerk of the Adams Express Company, for the parcel, showing that it was received to be carried by it to Waterbury.

The plaintiffs' counsel insisted that the execution of the receipt

was not proved so as to bind the Adams Express Company, and hence the defendant had failed to show performance of its contract.

The court at General Term say: " The proof on that subject was that it was signed by the clerk of the Adams Company employed to receive and deliver property at its office. He had acted in that capacity for several years. The witness had never seen him write, but he knew the man, and had seen a large number of receipts signed by him for property delivered to other express companies, and from the knowledge thus acquired believed it to be the agent's signature. This was sufficient proof of the due execution of the receipt. * * * To require each person who delivers property to such an agent to prove the signature to receipts by some person who saw them executed, would be practically impossible after the lapse of a few days or weeks. If the fact is established to the satisfaction of a jury that the receipt is signed by an agent of the company, held out by it, as having authority to bind it, it is enough, however that fact may be proved, if proved by legal evidence."

*McMartin & Williams*, for the appellants. *Edmund B. Wynn*, for the respondent.

Opinion by MULLIN, P. J.

Present — MULLIN, P. J., SMITH and TALCOTT, JJ.

Order affirmed.

---

JEREMIAH TOOLEY, APPELLANT, *v.* CHLOE G. BACON, AS ADMINISTRATRIX OF THE ESTATE OF CHARLES C. BACON, DECEASED.

*Party to transaction — cannot testify as to intention with which act was done — as against the legal representatives of other party — Code, § 399.*

APPEAL from a judgment, entered upon the report of a referee, dismissing the plaintiff's complaint.

The action was brought to recover of Charles C. Bacon the sum of $5,847 and interest from April 15, 1865, and costs, as a balance alleged to have been due at that date for moneys theretofore received by said Bacon for the use and benefit of plaintiff. Charles C.